UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-21995-CIV-GRAHAM
Magistrate Judge O'Sullivan

CROWLEY LINER SERVICES, INC.,

       Plaintiff,

v.

TRANSTAINER CORP.

       Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, TRANSTAINER CORP. ("Transtainer"), answers the complaint and asserts affirmative defenses against CROWLEY FILER SERVICES, INC.. ("Crowley"), as follows:

1.     Trantainer admits the allegations contained in paragraphs 2 and 4 of the complaint.

2.     Transtainer is without knowledge of the allegations contained in paragraphs 1, 3, 6, 7, and 12 of the complaint.

3.     Transtainer denies the allegations in paragraphs 5, 8, 9, 10, 11, and any other allegation not expressly admitted.

4.     With respect to the allegations in paragraph 8, the Plaintiff has failed to perform the conditions precedent to bringing its claim in that Plaintiff has failed to credit Defendant with the discounts provided to Defendant's competitors. Upon information and belief, these credits equate approximately $180,000.00 and thus exceed the sum sought by the Plaintiff in its claim.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

5. Sometime in June, 2004, Crowley [induced or enticed] Transtainer to utilize its services by representing to Transtainer that the shipping costs that would apply to Transtainer shipments would be the same as those applicable to Transtainer's competitors. Transtainer relied on these representations and shipped in excess of 900 container loads with Crowley. Thereafter, sometime during March 2006, Transtainer discovered that Crowley's representations had been false in as much as Crowley was charging competitors of Transtainer $150.00 to $200.00 less per container load. As such, Crowley has defrauded Transtainer.

### SECOND DEFENSE

6. For those facts and circumstances set forth in the first defense, Crowley is *estopped* from asserting the claim it seeks in its complaint.

### THIRD DEFENSE

7. For those facts and circumstances asserted in the first defense, Crowley has wived its rights asserted in the complaint.

### FOURTH DEFENSE

8. For those facts and circumstances asserted in the first defense, Transtainer has the right to set off $200.00 per container load against the sums sought by Crowley in its complaint.

### FIFTH DEFENSE

9. Crowley *anticipatorily* breached its contract with Transtainer by failing to credit Transtainer shipments with the applicable discounts.

WHEREFORE, Defendant Transtainer demands judgment in its favor including attorneys' fees and costs.

## COUNTERCLAIM

Counter-Plaintiff, Transtainer, counter claims against Counter-Defendant, Crowley and alleges as follows:

## GENERAL ALLEGATIONS

1. This court has jurisdiction over the parties by virtue of the complaint.

2. All conditions precedent to bringing this action have occurred or have been waived.

3. At all times material hereto, Crowley has acted intentionally, maliciously, wantonly, and in reckless disregard for the rights of Transtainer. Upon proper showing on the record, Transtainer would be entitled to punitive damages.

4. Transtainer is entitled to attorneys' fees pursuant to those reasons enumerated in the complaint if it were to prevail in this action.

## COUNT I - NEGLIGENT MISREPRESENTATION

5. Transtainer re-alleges paragraphs 1 through 4 designated general allegations.

6. On or about May 2004, and then again on June 2004, Crowley made representation of material fact to Transtainer including but not limited to, that the total shipping costs applicable to Transtainer shipments to Central America were the same as those that applied to Transtainer's competitors.

7. These representations by Crowley concerned present material facts.

8. Crowley should have known that these representations were false at the time they were made or made these representations without knowledge of their truth or falsity.

9. At the time Crowley made these misrepresentations, it intended that Transtainer rely on the representations.

10. Transtainer reasonably relied on the misrepresentations to its detriment by shipping in excess of 900 container loads with Crowley.

11. As the direct and proximate result of Crowley's actions Transtainer has suffered damages.

## COUNT II - FRAUD

12. Transtainer re-alleges paragraphs 1 through 7 and 9 through 10 as if fully set forth herein.

13. Crowley knew that the representation were false at the time they were made.

14. As a direct and proximate result of Crowley's actions, Transtainer has suffered damages.

WHEREFORE, Transtainer demands judgment in its favor for compensatory damages, costs, attorneys fees, and upon proper showing, punitive damages.

## COUNT III - DECEPTIVE AND UNFAIR TRADE PRACTICES

15. Transtainer, re-alleges paragraphs 1 through 10 and 13, as it fully set forth herein.

16. At all times material hereto, Crowley was rebating and or crediting competitors of Transtainer $150.00 to $200.00 per container load. Moreover, in some instances Crowley would charge Transtainer's competitors on the basis of a refrigerated container (which has less cubic capacity), but move the competitors' cargo on dry containers, thus providing an advantage to Transtainer's competitors.

17. Transtainer is a "consumer" as defined by section 501.203(7), Florida Statutes.

18. Crowley's actions in soliciting, marketing, promoting, advertising, providing, and offering its services to Transtainer constitute "trade or commerce" under section 501.203(8), Florida Statutes.

19. Crowley's misrepresentations as set forth in paragraph 6, compiled with the practices outlined in paragraph 16, constitute unconscionable, unfair and deceptive acts or practices in the conduct of trade or commerce in violation of section 501.204, Florida Statutes.

20. As a result of Crowley's practices in violation of section 501.204, Florida Statutes, Transtainer has suffered substantial damages.

21. Additionally, under 501.211 and 501.2105, Florida Statutes, Transtainer is entitled to recover from Crowley reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Transtainer demands judgment in its favor for damages, attorneys' fees and costs, together with interest.

## DEMAND FOR JURY TRIAL

Transtainer demands trial by jury on those issues so triable.

> Respectfully Submitted,
>
> FOWLER RODRIGUEZ
> Douglas Entrance - South Tower
> 806 Douglas Road, Suite 580
> Coral Gables, Florida 33134
> Tel:   (305) 445-2930
> Fax:   (305) 445-2450
>
> By: _____
> G. Luis Dominguez
> Florida Bar No. 752010

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via US Mail to Thomas V. Halley, Halley & Halley, P.A., 328 Crandon Blvd., Suite 225, Key Biscayne, Florida 33149, on this 19 day of September, 2006.

_____
G. Luis Dominguez