5000861.006
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
--------------------------------------------------------X

CROWLEY LINER SERVICES, INC.,

           Plaintiff,

-against-                           CASE NO. 06-21995-CIV-GRAHAM
                                         Magistrate O'Sullivan

TRANSTAINER CORP.,

           Defendant.

--------------------------------------------------------X

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Plaintiff, CROWLEY LINER SERVICES, INC. ("CROWLEY"), by and through its undersigned attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Honorable Court for entry of partial summary judgment on its behalf against defendant, TRANSTAINER, INC. ("TRANSTAINER"), and moves to dismiss TRANSTAINER's counterclaim, and in support thereof further states as follows:

### PRELIMINARY STATEMENT

In this motion CROWLEY is seeking to recover $167,381.00 in freight and related charges from TRANSTAINER for the shipment of certain goods between the United States and Central America. CROWLEY also moves to dismiss the counterclaim on the basis that TRANSTAINER's claim against CROWLEY is properly brought before the Federal Maritime Commission. In the alternative CROWLEY moves to strike the First Affirmative Defense and Count II of the counterclaim on the basis that the allegations to not comply with the particularity

required by Fed. R. Civ. P. 9(b). Also, in the alternative CROWLEY moves to dismiss Count III of the counterclaim on the basis that the Florida Unfair and Deceptive Trade Practices Act does not apply to the sophisticated commercial transactions between the parties. CROWLEY also moves for attorneys fees and costs pursuant to the applicable contracts.

## MATERIAL ISSUES NOT IN DISPUTE

1. TRANSTAINER's relationship to CROWLEY was that of a shipper of cargo owned or controlled by TRANSTAINER carried aboard CROWLEY's vessels under bills of lading issued by CROWLEY as carrier to TRANSTAINER. TRANSTAINER, in turn, was a carrier in relation to its customers. Killmer aff. para. 3.

2. CROWLEY seeks damages in the total amount of $169,076.00 in the complaint in this matter. This total is summarized on Exhibit A to the complaint.

3. In this motion for partial summary judgment CROWLEY is seeking $167,381.00 (the "Motion Balance). Each individual invoice and bill of lading is contained on the same document. The motion balance forms part of the total amount sought in the complaint. Killmer aff. para. 5.

4. The contractual bases for the Motion Balance are Service Contract #0505-5283 and Service Contract#0505-5292 and CROWLEY's bill of lading terms and conditions. The terms and conditions appeared on the reverse side of all original invoices/bills of lading which comprise the Motion Balance. Killmer aff. para. 6.

5. The Motion Balance due of $167,381.00 is made up of ocean freight and related charges for the transportation by water from the United States to Central America by CROWLEY, as carrier, of cargo owned or controlled by TRANSTAINER, as shipper. Each invoice/bill of lading is an individual contract for the carriage of goods in which

TRANSTAINER agreed to pay CROWLEY the freight and related charges. TRANSTAINER is defined as the "SHIPPER" in paragraph 2(b) of CROWLEY's terms and conditions. Killmer aff. para. 7.

6. The ocean freight charges were assessed in accordance with the terms of Service Contract #505-5283 and Service Contract #505-5292. The related charges such as fuel usage adjustment, gamma ray, general rate increase, pre-carriage and security were assessed in accordance with CROWLEY's published tariff filed with the Federal Maritime Commission. Killmer aff. para. 8.

7. Over a period in excess of ten years TRANSTAINER has shipped many hundreds of containers of cargo with CROWLEY in addition to the more than 900 container loads alleged in their counterclaim. TRANSTAINER is fully familiar with CROWLEY's bill of lading terms and conditions and tariff. Killmer aff. para. 9.

8. The invoices/bills of lading relating to the Motion Balance were delivered to TRANSTAINER in CROWLEY's normal course of business. None of the invoices/bills of lading relating to the Motion Balance have been paid. All of the services described in the invoices/bills of lading including delivery of the cargo have been performed by CROWLEY. Killmer aff. para. 10.

9. Paragraph 21 of CROWLEY's terms and conditions, the Earned Freight clause, provides as follows (Killmer aff. para. 11):

> EARNED FREIGHT AND LIEN OF CARRIER. Full freight demurrage and other charges hereunder to destination shall be considered completely and irrevocably earned upon commencement of loading at the port of loading or place of receipt shown on the face hereof whether the freight be stated or intended to be prepaid or to be collected at destination, and Carrier shall be entitled to all freight and charges due hereunder whether actually paid or not and to receive and retain them irrevocably under all circumstances whatsoever, the Vessel and/or goods lost or not lost or the voyage broken up of abandoned.

Freight shall be payable on actual gross intake weight or measurement or at Carrier's option on actual gross discharge weight or measurement. Freight may be calculated on the basis of the particulars of the goods furnished by Shipper but Carrier may at any time open the packages and examine, weigh, measure, and value the goods. In case Shipper's particulars are found to be erroneous and additional freight is payable, Shipper and the goods shall be liable for any expense incurred for examining, weighing, measuring and valuing the goods.

Freight, demurrage, and other charges shall be paid to Carrier in United States currency, without discount or setoff of any kind, including any claim for loss or damage to the goods, at such place and in such manner as the Carrier may direct. Such charges shall be paid in full regardless of any claim by Shipper that a tariff applies other than that under which Carrier has assessed charges, or that the charges are unreasonable or unlawful under applicable law. Any such claim shall instead be pursued by a separate action before the Federal Maritime Commission, Interstate Commerce Commission, or other agency where the tariff sought to be applied by Carrier has been filed. Carrier shall be entitled to recover all costs of collection, including reasonable attorneys fees and expenses.

Carrier shall have a lien on the goods for any charges payable to Carrier under this contract. Where permitted by law, Carrier's lien hereunder also covers any charges payable to Carrier by Shipper under any other bill of lading issued by Carrier. Carrier shall have the right to sell the goods by public auction or private treaty without notice to Shipper, and Shipper shall remain responsible for payment of such sums due hereunder. Payment of ocean freight and charges to a freight forwarder, broker or anyone other than Carrier or its authorized agent shall not be deemed payment to Carrier and shall be made at payer's sole risk.

10. Pursuant to the Earned Freight Clause TRANSTAINER has agreed (Killmer aff. para. 12):

(a) The freight and related charges relating to the motion balance have been earned by CROWLEY.

(b) TRANSTAINER has no right to set off the freight and related charges.

(c) Any claim by TRANSTAINER against CROWLEY in this lawsuit must be pursued by TRANSTAINER by separate action before the Federal Maritime Commission.

(d) CROWLEY is entitled to recover all costs of collection of the Motion Balance, including reasonable attorneys fees and expenses.

## MEMORANDUM OF LAW

## POINT I

## STANDARD FOR SUMMARY JUDGEMENT

Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to move for a Judgment on a claim as to which there is no "genuine issue of material fact" and upon which said party is entitled to prevail as "matter of law". See, <u>Donavan v. Nellis</u>, 528 F. Supp. 538 (N.D. Fla 1981); <u>A.M.R. Enterprises, Inc. v. United Postal Savings Association</u>, 567 F.2d 1277 (5th Cir. 1978); and <u>Greenburg v. General Mills Fun Group</u>, 478 F.2d 254 (5th Cir. 1973). The purpose or rationale behind a Summary Judgment is not to cut litigants off from their right to trial, but to avoid a useless trial where there are no issues to try. As stated by the Court in <u>Bros. Incorporated v. W.E. Grace Manufacturing Company, 261 F.2d 428</u> (5th Cir. 1958):

> Summary Judgment is a marvelous instrument in expediting the administration of justice. It is means of which causes or defenses with no real merit are weeded out without the hazard of a decision on an artificial situation described by artful pleadings, or without the cost in precious judicial time of a long protracted trial which ends with a determination that, on the facts viewed most favorably to a party, the claim or defense is not as a matter of law.

When considering a Motion for Summary Judgment under Rule 56, the court cannot try issues of fact but is only empowered to determine whether there are any material issues of fact to be tried. A "material fact" for purpose of a Motion for Summary Judgment is one which is determinative of the parties' duties or rights. See, <u>Atkinson v. Jory</u>, 292 F.2d 169 (10th Circ. 1961). A "genuine issue" which precludes Summary Judgment, is defined as one that requires either a Judge or jury to resolve the parties' differing versions of truth at trial. <u>Allen v. Carlotti</u>, 400 F.2d 1037 (S.D. Fla 1975)

## POINT II

## DEFENDANT TRANSTAINER HAS ESTABLISHED NO
## LEGALLY RECOGNIZABLE DEFENSE

The bill of lading is the basic transportation contract between the shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers See Southern Pacific Transportation Co. v. Commercial Metals, 456 U.S. 336, 342-43, 102 S.Ct. 1815, 1820-21 (1982).

In purported defense counterclaim to CROWLEY's claim for unpaid freight, TRANSTAINER asserts that its obligation should be waived because of CROWLEY's allegedly negligence, fraud and deceptive unfair trade practices. Even assuming that CROWLEY owes some amount to TRANSTAINER (which CROWLEY denies), any such liability is independent of and legally irrelevant to TRANSTAINER's obligation to pay its freight bills.

The allegations which TRANSTAINER has asserted in its affirmative defenses and counterclaim provide no impediment to the immediate entry of summary judgment in CROWLEY's favor with respect to the unpaid freight claims which are the subject of this motion. It is settled law that the payment of freight owed for the transportation of cargo is an independent obligation imposed on the shipper, irrespective of any claims which the shipper/consignee may have against the carrier. See, e.g., Genetics Intern v. Cormorant Bulk Carriers, Inc., 877 F. 2d 806, 808-09 & n. 2 (9th Cir. 1989); Metallgesellschaft A.G. v. M/V Capitan Constante, 790 F. 2d 280, 281-282 (2d Cir. 1986); Greenstone Shipping Co. v. Transworld Oil, Ltd., 588 F. Supp. 574, 584 (D. Del. 1984), quoting, inter alia, The Olympic Brilliance 21 L1.L.R. 177, 177-78 (1981): "[I]t has been for a long time clear law that a shipowner is entitled to his freight without deduction and, notwithstanding that a charterer may have powerful counterclaims, they are matters which must be dealt with thereafter. He is not

entitled to set them off against the freight," and The Aries, 1 L1.LR 334, 341 (1977): "no defense of breach of contract or equitable defense or set-off can operate to diminish or extinguish a claim for freight"; Puerto Rico Marine Management v. Ken Penn, 574 F. Supp. 563, 568 (W.D. Pa. 1983); cf. Flota Mercanta Gran Columbiana, S.A. v. Florida Construction Equipment Inc., 798 F. 2d 143, 147 (5th Cir. 1986) ("courts should be reluctant to imply affirmative defenses in favor of a shipper which is contractually obligated to pay the carrier's freight bill").

That same reasoning is applicable here. TRANSTAINER is not entitled to free transportation. Regardless of any claims which TRANSTAINER may assert against CROWLEY, summary judgment should be entered in CROWLEY's favor on the unpaid freight claims which are the subject of this motion.

## POINT III

### TRANSTAINER's CLAIM SHOULD BE ASSERTED BEFORE THE FEDERAL MARITIME COMMISSION

Hapag-Lloyd, A.G. v. Levine, 473 F. Supp. 991, 993 (N.D. Ill. 1979), is instructive. In that case, the plaintiff carrier brought suit for unpaid freight, and the defendant counterclaimed that the freight charges were discriminatory and violated the antitrust laws. The court entered summary judgment for the carrier on the ocean freight claims. With respect to the counterclaims, the court deferred ruling, pending action by the Federal Maritime Commission or the defendant's failure to seek such action within three months. In declining to delay judgment on the freight claims, the court observed: "We see no reason to depart from the basic policy of admiralty law that carriers be paid for their services," citing Bartlett-Collins Co. v. Surinam Navigation Co., 381 F.2d 546, 549 (10th Cir. 1967).

The procedure for the filing of a complaint with the Federal Maritime Commission is set forth in 46 CFR Section 502.61 et seq.

## POINT IV

### TRANSTAINER's FRAUD CLAIMS SHOULD BE DISMISSED

TRANSTAINER's first affirmative defense and Count II of its counterclaim allege fraud on the part of CROWLEY. However, TRANSTAINER fails to sufficiently state a claim consistent with Fed. R. Civ. P. 9(b):

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

The allegation must identify the statements, the claimant asserts were fraudulent and why, in claimant's view, they were fraudulent specifying who made them, and where and when they were made. Holvin v. Scholastic Corp. (In re Scholastics Corp. Seq. Litig.), 252 F. 3d 63, 69-70 (2d Cir. 2001), cert. denied 234 U.S 1071 (2001).

TRANSTAINER's allegations in the First Affirmative Defense and Count II of its counterclaim at minimum fail to identify who made the alleged fraudulent statement and where it was made.

## POINT V

### FLORIDA DECEPTIVE TRADE PRACTICES ACT DOES NOT APPLY

In Count III of the counterclaim TRANSTAINER alleges damages under the Florida Deceptive and Unfair Trade Practices Act F.S. Section 501.201 et seq.

The Florida Unfair and Deceptive Trade Practices Act is limited to consumer transaction and does not apply to sophisticated commercial transactions. The statute is not intended to benefit parties that have substantial previous experience in sophisticated commercial

transactions. Golden Needles Knitting and Glove Co., Inc. v. Dynamic Marketing Enterprises, Inc., 766 F. Supp. 421, 430 (w.d.n.c. 1991).

## POINT VI

**CROWLEY IS ENTITLED TO RECOVER OF ATTORNEYS FEES FROM TRANSTAINER AS A MATTER OF LAW**

The Crowley bill of lading contract provides that TRANSTAINER is liable for attorneys fees incurred in the collection of freight charges. See, Sea-Land Service, Inc. v. Murrey & Sons Co., Inc., 824 F.d 740 (9th Cir. 1987) (Summary judgment for carrier granted with respect to claim for unpaid ocean freight charges, shipper liable for ocean freight charges, costs and attorney fees as a matter of law). See, also, Maersk v. Alan Marketing, 1999 AMC 278, 281 citing Sealand Service v. Amstar Corp., 690 F. Supp. 246, 250 (s.d.n.y. 1988) (awarding attorneys fees, costs and interest under a provision in an ocean carrier's bill of lading).

WHEREFORE, plaintiff CROWLEY LINER SERVICES, INC. respectfully urges this Court to enter an Order granting Partial Summary Judgment on its behalf and against the defendant TRANSTAINER CORP. in the sum of $167,381.00 along with interest, costs, attorneys fees and such other further relief as this Court may deem just and proper. CROWLEY also respectfully requests the Court to enter an Order dismissing the Counterclaim. In the alternative CROWLEY respectfully requests the Court to strike the First Affirmative Defense and to dismiss Count II of the counterclaim on the basis that the allegations to not comply with the particularity required by Fed. R. Civ. P. 9(b). Also, in the alternative CROWLEY moves to dismiss Count III of the counterclaim on the basis that the Florida Unfair and Deceptive Trade Practices Act does not apply to the sophisticated commercial transactions between the parties.

Dated:  Key Biscayne, Florida
        October 10, 2006

                                                HALLEY & HALLEY, P.A.

*/s/ Thomas V. Halley*
Thomas V. Halley
Florida Bar No. 0694363
Attorneys for Plaintiff
328 Crandon Blvd., Suite 224-225
Key Biscayne, FL 33149
Tel. 305 361-3612
Fax. 305 361-3692

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail on October 10, 2006 on:

G. Luis Dominguez
Fowler Rodriguez
Douglas Entrance-South Tower
806 Douglas Road, Suite 580
Coral Gables, FL  33134

_____
Thomas V. Halley