UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-21995-CIV-GRAHAM
Magistrate Judge O'Sullivan

CROWLEY LINER SERVICES, INC.,

    Plaintiff,

v.

TRANSTAINER CORP.

    Defendants.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, TRANSTAINER CORP., hereby submits this response to the Plaintiff's reply memorandum in support of its motion for summary judgment.

### MATERIAL FACTS

In its reply memorandum, Plaintiff argues that by making shipments during April 2006, after having discovered the fraud, during the previous month – March 2006 – Transtainer has somehow affirmed the debt alleged by the Plaintiff. This argument ignores the fact that Transtainer, according to the Plaintiff's own affidavit of Gary Killmer, is not seeking the return of any moneys, but has refused to pay for a number of shipments made pursuant to the service contract fraudulently obtained. Curiously enough, the sum that Transtainer refuses to pay coincides with payments, that according to the payment history, would have been made after the March discovery of the fraud. Moreover, Transtainer's shipments with Crowley, are pursuant to the service contract (See Exhibit 2 to Gary Killmer's affidavit) which predicates the manner in

which Transtainer sold services to its own customers. As such, it is impossible for Transtainer to stop those shipments that had been previously arranged or in transit in reliance of the Plaintiff's misrepresentations in procuring the contract. More telling, is the withholding by Transtainer of payments that roughly coincide with the promises made by Crowley. Clearly, the conduct of Transtainer is consistent with its avoidance of the contracts rather than any affirmance, as suggested by the Plaintiff.

## LEGAL ARGUMENT

The cases cited by the Plaintiff in support of the argument contained in its reply memorandum are inapplicable to this case. *Sea-Land Services, Inc. v. Sellan*, 64 F. Supp. 2d 1255 (S.D. Fla. 1999), deals with a settlement agreement and release executed by an injured seaman. In this case, the court found that the injured seaman, Sellan, had entered into the settlement agreement and release voluntarily and after being fully informed. In refusing to set aside the release the court reasoned that although the seaman may subsequently wish he had made a different choice, is no reason to avoid a settlement agreement that was proper and valid. Similarly, in *Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Vessel*, 556 F. Supp 1319 (S.D. Fla. 1983), the court found that there were no misrepresentations and therefore the contract in question could not be disaffirmed. Nevertheless, the Plaintiff misinterprets the dicta in *Treasure Salvors*. In the instant action, Transtainer's refusal to pay after it found out about the misrepresentation is indicative of disaffirmation of the contract and *not* ratification.

Moreover, the sums that the Defendant refuses to pay equate to the measure of its damages. In other words, Transtainer has refused payment of any sums above and beyond what the Plaintiff promised in order to induce the various shipments. See *Totale Inc. v. Smith*, 877 So. 2d 813 (Fla 4th DCA 2004).

For the foregoing reasons, the Plaintiff's motion for summary judgment on its claim should be denied.

Respectfully Submitted,

By: _____s/ G. Luis Dominguez_____
G. Luis Dominguez
Florida Bar No. 752010
Email: gdominguez@frc-law.com
FOWLER RODRIGUEZ
Douglas Entrance - South Tower
806 Douglas Road, Suite 580
Coral Gables, Florida 33134
Tel:    (305) 445-2930
Fax:    (305) 445-2450

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via US Mail to Thomas V. Halley, Halley & Halley, P.A., 328 Crandon Blvd., Suite 225, Key Biscayne, Florida 33149, on this 21 day of December, 2006.

By: _____s/ G. Luis Dominguez_____
G. Luis Dominguez