UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21995-CIV-O'SULLIVAN

[CONSENT CASE]

CROWLEY LINER SERVICES, INC.,

    Plaintiff,
v.

TRANSTAINER CORP.,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the plaintiff's Motion for Final Default Judgment Against Transtainer Corp. and Motion to Strike Counterclaim[1] of Transtainer (DE # 41, 5/1/07). The Court finds that an evidentiary hearing is not required and the matter is otherwise ripe for review. Having reviewed the record, applicable filings and the law, it is hereby

ORDERED AND ADJUDGED that the plaintiff's Motion for Final Default Judgment Against Transtainer Corp. and Motion to Strike Counterclaim of Transtainer (DE # 41, 5/1/07) is **GRANTED** as more fully discussed below.

## BACKGROUND

On August 9, 2006, the plaintiff filed suit against the defendant seeking to recover unpaid freight and related charges. See Complaint (DE #1, 8/9/06). On October 23, 2006, the defendant filed its Amended Answer, Affirmative Defenses and

---

[1] Although the plaintiff refers to DE# 13 as the defendant's "Counterclaim," this docket entry is actually the defendant's Amended Answer, Affirmative Defenses and Counterclaim. The Court finds that DE#13 should be stricken in its entirety.

1

Counterclaim (DE #13, 10/23/06) alleging misrepresentation, fraud and violation of Florida's Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA"). The instant motion arises out of a series of disputes concerning the plaintiff's efforts to depose the defendant's corporate representative.

During a discovery conference on April 10, 2007, counsel for the defendant indicated that he was having trouble communicating with the defendant. The Court told counsel for the defendant to advise the defendant that it was important that the defendant meet its discovery obligations and that the failure to do so could result in a default judgment. The Court ordered the defendant to produce a corporate representative for deposition by May 1, 2007 (DE# 39, 4/10/07). The Order warned the defendant that "[t]he continued failure of the defendant . . . to timely provide discovery or the defendant's failure to abide by this Order and provide the discovery ordered herein, will result in the plaintiff's claim being granted by default and the defendant's counterclaim being stricken." Id.

On May 1, 2007, the plaintiff filed its Motion for Final Default Judgment Against Transtainer Corp. and Motion to Strike Counterclaim of Transtainer (DE # 41) (hereinafter "Motion for Final Default Judgment") after the defendant failed to produce Jose Wolf, the defendant's corporate representative, for deposition.[2] The Court entered an Order (DE# 42, 5/1/07) requiring the defendant to respond to the Motion for Final Default Judgment by May 21, 2007. In its Order, the Court warned the defendant that:

---

[2] On April 30, 2007, counsel for the defendant advised the plaintiff's counsel that Mr. Wolf would not be attending his deposition scheduled for May 1, 2007. See Motion for Final Default Judgment (DE# 41 at ¶ 2, 5/1/07).

"The failure to file a timely response to the aforementioned motion may result in the motion being granted in its entirety." Id. As of the date of this Order, the defendant has not filed a response to the Motion for Final Default Judgment despite the Court's Order requiring it to do so.

## STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b) provides that this Court may enter a Judgment By Default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against an action. Fed.R.Civ.P. 55(b)(2). If the Court determines that the defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)). Damages are a sum certain when they are liquidated or can be calculated through reference to the terms of the agreement between the parties. Id., see also, F.D.I.C. v. Spartan Mining Co., Inc., 96 F.R.D. 677 (D.C. W. Va. 1985).

---

[3] Pursuant to Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981), decisions rendered by the former Fifth Circuit prior to October 1, 1981 are binding precedent in the Eleventh Circuit.

## **LEGAL ANALYSIS**

### A. The Defendant's Pleadings Are Stricken Due to the Defendant's Continued Disregard for the Court's Orders

Despite the Court's Order instructing it to respond, as of the date of this Order, the defendant has failed to file an opposing memorandum of law to the plaintiff's Motion for Final Default Judgment (DE # 41, 5/1/07).[4] In light of Mr. Wolf's position as the corporate officer and representative in possession of the facts sought by the plaintiff in discovery, the defendant's blatant failure to comply with an Order of this Court requiring its corporate representative to appear for deposition in the case and the defendant's failure to respond to the plaintiff's Motion for Final Default Judgment, the Court finds that the sanctions sought by the plaintiff are appropriate and afford the plaintiff the only adequate remedy available under the circumstances. See Hall v. Leon County Bldg. Supply Co., Inc., 84 F.R.D. 371, 373-374 (N.D. Fla. 1979) (finding that neither a stay of discovery and additional order compelling discovery would adequately remedy the injury to the plaintiff caused by the corporate representative's failure to appear for deposition). In this case, "[a] default judgment . . . offers something to replace the access to the facts, which the conduct of Defendant's officer[] hampered. It will also act as a deterrent to these and other litigants

---

[4] The Court may also grant the plaintiff's motion by default. Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida, provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. **Failure to do so may be deemed sufficient cause for granting the motion by default**.

S.D. Fla. L.R. 7.1.(C) (Emphasis added).

who fail to fulfill their obligations under the rules of civil procedure." Id. at 374.

**B.    A Default Judgment in Favor of the Plaintiff and Against the Defendant Is Warrant**

Having stricken the defendant's pleadings, the defendant is deemed to have admitted all well-pleaded allegations in the Complaint. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975) (citations omitted). In its Complaint the plaintiff alleges that between February, 2006 and April, 2006, the plaintiff carried shipments of the defendant's cargo between the United States and Central American ports pursuant to bills of lading. See Complaint (DE# 1 at ¶ 6, 8/9/06). These shipments were delivered. Id. at 7. The defendant failed to pay the outstanding ocean freight and related charges corresponding to those shipments. Id. at 9. Accordingly, the Court finds that the plaintiff has established a prima facie case for breach of contract and is entitled to a default judgment.

### i.    Actual Damages

With respect to damages, the plaintiff seeks $169,076.00 (exclusive of prejudgment interest).  In support of its damages claim, the plaintiff submitted an affirmation signed by its attorney as an exhibit to its Motion for Final Default Judgment. The Court finds that this affirmation is insufficient to support the plaintiff's damages claim. Nonetheless, the record in this case is sufficient to ascertain damages without an evidentiary hearing.

The plaintiff previously filed numerous invoices and a spreadsheet entitled Aging Schedule of Invoices which lists by invoice number the amounts owed by the defendant in support of its Motion for Partial Summary Judgment and Motion to Dismiss Defendant's Counterclaim. These documents were attached as exhibits to the Affidavit of Gary Killmer (DE# 9, 10/18/06). Mr. Killmer is the Manager of Credit and Collections for the plaintiff. See Affidavit of Killmer at ¶ 1. The Court finds that these documents are sufficient to support the plaintiff's damages claim in the amount of $169,076.00[5] (exclusive of prejudgment interest).

### ii.     Prejudgment Interest

The plaintiff also claims it is entitled to prejudgment interest at the rate of 7% per annum from April 24, 2006, the date of the most recent invoice, to the date of the entry of judgment. "As a general rule, pre-judgment interest should be awarded in admiralty cases. Pre-judgment interest is . . . compensation to the plaintiff for the use of funds that were rightfully his. The court has discretion to deny pre-judgment interest only when 'peculiar circumstances' make it inequitable for the losing party to pay pre-judgment interest." Insurance Co. of North America v. M/V Ocean Lynx, 901 F.2d 934, 941 (11th Cir. 1990). The instant case does not involve "peculiar circumstances." See id. citing Parker Towing Co. v. Yazoo River Towing, Inc., 794 F.2d 591, 594 (11th Cir.1986) (peculiar circumstances include cases involving a genuine dispute about liability and cases of apportioned fault). Thus, the plaintiff is entitled to prejudgment interest from April 24, 2006 though the entry of judgment. In admiralty cases, the rate of prejudgment interest that

---

[5] The Court notes that the plaintiff submitted invoices for all but $1,695 of its claim.

6

should be awarded is the prime rate during the relevant period. See Sunderland Marine Mut. Ins. Co., Ltd. v. Weeks, 338 F.3d 1276, 1280 (11th Cir. 2003). The prime rate during the relevant period was 7.50% (effective from January 31, 2006 through May 27, 2006) and 7.75% (effective from March 28, 2006 through May 10, 2006). The Court will apply the lower rate of 7% submitted by the plaintiff. See Hymel v. UNC, Inc., 994 F. 2d 260, 266 (5th Cir. 1993) (parties are free to stipulate to an interest rate that is consistent with state usury and other applicable laws).

### iii.   Costs

The plaintiff also seeks costs in the amount of $395.00. The plaintiff is entitled to recover costs under 28 U.S.C. § 1920. Section 1920 provides:

A judge or clerk of any of the United States may tax as costs the following:

(1)   Fees of the clerk and marshal;

(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and copies of papers necessarily obtained for use in case;

(5)   Docket fees under § 1923 of this title

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920. The Court finds that plaintiff's counsel's affirmation is sufficient to support the plaintiff's claim for costs.

In accordance with section 1920, the Court finds that the plaintiff is entitled to recover $350.00 for filing fees of the Clerk of the Court, $25.00 for service of process on

7

the defendant and $20.00 as an attorney docket fee pursuant to 28 U.S.C. § 1923(a). Accordingly, the plaintiff shall recover costs in the total amount of $395.00.

## CONCLUSION

The defendant's continuous discovery violations warrant the striking of the defendant's pleadings. The plaintiff has established a prima facie case for breach of contract warranting a default judgment against the defendant. In accordance with the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the plaintiff's Motion for Final Default Judgment Against Transtainer Corp. and Motion to Strike Counterclaim of Transtainer (DE # 41, 5/1/07) is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Docket Entry # 13, Transtainer Corp.'s Answer, Affirmative Defenses and Counterclaim against Crowley Liner Services, Inc., is hereby **STRICKEN** from the record. It is further

**ORDERED AND ADJUDGED** that the plaintiff is entitled to damages in the amount of $169,076.00, prejudgment interest at the rate of 7% from April 24, 2006 through the entry of judgment, and $395.00 in costs. **A final default judgment in favor of Crawley Liner Services, Inc. and against Transtainer Corp. shall follow in a separate Order.**

**DONE AND ORDERED** in Chambers, at Miami, Florida, this **24th** day of May, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record